UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| James R. Jacobson; Abraham Leifer; Tamara Stevens, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>Live Nation Entertainment, Inc.; Ticketmaster LLC,<br><br>Defendants. | 24-CV-3994 (AS)<br>24-CV-6538 (AS)<br><br><u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiffs have asked for discovery with respect to defendants' motions to compel arbitration. 24-CV-3994, Dkt. 60; 24-CV-6538, Dkt. All parties agree that a motion to compel arbitration is decided on a similar standard to a motion for summary judgment. The latter is decided with the aid of discovery that unearths the information required to ascertain if there's a genuine dispute of any material fact. *Hellstrom v. Dep't Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."). The same logic applies here. *See Lismore v. Societe Generale Energy Corp.*, 2012 WL 3577833, at *1 (S.D.N.Y. Aug. 17, 2012) ("In a typical motion to compel arbitration … some discovery may be allowable or necessary."). In this case, there are open questions about the partiality of the New Era arbitration platform, as described in *Heckman v. Live Nation*. 120 F.4th 670 (9th Cir. 2024). Given the concerns raised in that case, the Court grants the motion for discovery into New Era's neutrals and its relationship with both Latham & Watkins and with defendants. That discovery should conclude within 90 days.

The September 23, 2025, hearing will be held as scheduled unless the parties mutually request that it be canceled. The parties should meet and confer in advance of the hearing to discuss the parameters of discovery, and the Court will resolve any disputes at the hearing.

For these reasons, the pending motions to compel arbitration and to stay these actions are DENIED without prejudice, and the motions for discovery are GRANTED. Upon the completion of the 90-day period, defendants may reprise their motions to compel by way of a short letter-motion so indicating. Plaintiffs will then have 14 days to file briefs explaining how discovery has impacted the issues raised on the motions. Defendants will then have 14 days to respond.

The Clerk of Court is respectfully directed to terminate Dkt. 53 in 24-CV-3994 and Dkt. 42 in 24-CV-6538.

SO ORDERED.

Dated:    September 8, 2025
              New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge