# LOVELL STEWART HALEBIAN JACOBSON LLP

500 Fifth Avenue, Suite 2440
New York, New York 10110
www.lshllp.com

| | | |
|---|---|---|
| Telephone | | Facsimile |
| 212.608.1900 | | 646.398.8392 |

January 12, 2026

**BY ECF**

The Honorable Arun Subramanian
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Centre Street, Room 2202
New York, New York 10007

RE:   *James R. Jacobson v. Live Nation Entertainment, Inc., et al.*, 24-cv-6538 (S.D.N.Y.) [Related Case No. 24-cv-03994-AS]

Dear Judge Subramanian,

    As counsel for Plaintiff James Jacobson, and pursuant to the Court's December 22, 2025 Order (ECF No. 72) and Section 11.C of Your Honor's Individual Practices, we are respectfully submitting this letter motion to request permission to (1) file in redacted form Plaintiff's supplemental opposition to Defendants' motion to compel arbitration, and (2) to file under seal certain exhibits attached to an attorney declaration in support of Plaintiff's supplemental opposition.

    Plaintiff's supplemental opposition quotes, cites, and otherwise references discovery materials produced by Defendants and non-party New Era ADR that were designated as "Confidential" pursuant to the Stipulated Protective Order entered by the Court. ECF No. 79. In support of the supplemental opposition, Plaintiff is submitting copies of relevant discovery materials as exhibits to an attorney's declaration.

    The undersigned has conferred with counsel for Defendants and New Era concerning the proposed redactions to the discovery materials in Plaintiff's supplemental opposition, including by providing a list of the relevant confidential discovery documents. Counsel for Defendants has indicated their relevant discovery materials should be redacted for the following reasons: "[m]any of the materials which Plaintiff has indicated that he will quote, cite, attach, or otherwise reference contain Defendants' confidential and competitively- and/or commercially-sensitive information, including confidential contract negotiations and financial terms. After Defendants have seen the specific material which Plaintiff includes in the filing, Defendants will file a letter-motion within three business days explaining the need to seal or redact any such information, pursuant to the Court's Individual Practices in Civil Cases ¶ 11.C.i."

    Counsel for New Era has indicated its relevant discovery materials should be redacted for the following reasons: "[c]ertain confidential discovery materials produced by non-party New Era and identified by Plaintiff to be used in the supplemental opposition contain New Era's sensitive proprietary, confidential, and trade secret information, including, but not limited to, subscription pricing information, draft and final subscription agreements, revenue data, business planning communications between New Era and members of its advisory panel, client-specific negotiations, business development prospects and strategy, and confidential discussions regarding marketing campaigns. Public disclosure of New Era's sensitive proprietary, confidential, and trade secret information would allow its competitors and potential clients to review confidential agreements and discussions, among other things, which would cause New

Era irreparable harm and put New Era at a competitive disadvantage. New Era will file a letter-motion within three business days explaining the need to seal or redact any such information, pursuant to the Court's Individual Practices in Civil Cases ¶ 11.C.i."

       Accordingly, Plaintiff respectfully requests permission to redact and file under seal references to the confidential discovery materials. Pursuant to Section 11.C Your Honor's Individual Practices, Plaintiff is concurrently (1) filing in the public record a copy of the proposed redacted version of Plaintiff's supplemental, (2) filing under seal an unredacted copy of the supplemental opposition with the proposed redactions highlighted, (3) filing in the public record the attorney declaration except for exhibits 4 and 8-19, which will be filed under seal; and (4) filing under seal the attorney declaration.

                                               Respectfully submitted,
                                               */s/ Christopher M. McGrath*
                                               Christopher M. McGrath

                                             *Counsel for Plaintiff*

cc:   Counsel of record (by ECF)

                                       GRANTED.

                                       The Clerk of Court is respectfully directed to terminate the motion at ECF No. 83.

                                       SO ORDERED.

                                       Arun Subramanian, U.S.D.J.
                                       Date: March 3, 2026