505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

April 30, 2026

**VIA ECF**

Hon. Arun Subramanian
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> **Re:** ***In re Live Nation Entertainment, Inc. and Ticketmaster L.L.C. Antitrust Litigation*, Lead Case No. 1:24-cv-03994-AS-SLC <u>and</u> *James R. Jacobson v. Live Nation Entertainment, Inc. et al.*, Case No. 1:24-cv-06538-AS – Letter Motion to Redact Exhibit 1 to Defendants' Letter Regarding Questions at April 28, 2026 Hearing on Defendants' Motions to Compel Arbitration**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter.  Pursuant to ¶¶ 11(B) and 11(C)(i)-(iii) of this Court's Individual Practices in Civil Cases, Defendants respectfully submit this letter motion to request permission to file in redacted form Exhibit 1 to Defendants' letter regarding questions at the April 28, 2026 hearing on Defendants' motions to compel arbitration.  A highlighted version of Exhibit 1, which contains Defendants' specific, limited redaction requests in yellow highlighting, is attached.

Exhibit 1 is the subscription agreement between Defendants and New Era ADR.[1] Defendants seek only to redact the specific pricing terms on pages 16 and 17 of the Exhibit (TM00000046-47)—the remainder of the Exhibit and the entirety of Defendants' letter will be filed publicly.  The limited portions which Defendants seek to redact—no more than 11 specific dollar or percentage figures—are "pricing information" which could cause Defendants significant competitive or commercial harm if disclosed.  *See Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015).

---

[1] Exhibit 1 was previously filed in the *Popp v. Live Nation* (formerly *Heckman*) case.  The same figures which Defendants seek to redact here were also redacted in *Popp*.  *See* Order Granting Defs.' Appl. for Leave to Keep Sealed, *Popp v. Live Nation*, No. 2:22-cv-00047-GW-KES (C.D. Cal. Oct. 19, 2022), Dkt. No. 87.

## LATHAM&WATKINS LLP

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "court must balance competing considerations against" the presumption of public access. *Id*. (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Competing interests include "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal citations omitted).

Defendants' privacy interests in the specific portions of Exhibit 1 they seek to redact are substantial and far outweigh any presumption of public access as to them. Defendants seek only to redact non-public pricing terms that, if disclosed, could adversely affect Defendants' competitive standing by revealing the outcome of confidential negotiations and compromising Defendants' negotiating positions with counterparties going forward. Courts in this District routinely permit sealing in such circumstances. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 704–08 (S.D.N.Y. 2017) (finding that a party's privacy interests outweighed the presumption of public access where the disclosure of the information in question could "harm a litigant's competitive standing"); *Dodona I*, 119 F. Supp. 3d at 156–57 (finding that a party's privacy interests overcame the presumption of public access where that party sought to seal "pricing information").

For these reasons, Defendants respectfully request that the yellow highlighted portions of Defendants' Exhibit 1 remain under seal.

Dated:  April 30, 2026

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 107.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: May 1, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

/s/ *Timothy L. O'Ma*

Timothy L. O'Mara (admitted *pro hac vice*)
 *Lead Trial Counsel*
Alicia R. Jovais (admitted *pro hac vice*)
Samuel R. Jeffrey (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
tim.o'mara@lw.com
alicia.jovais@lw.com
sam.jeffrey@lw.com

cc:    All Counsel of Record (via ECF)