**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| James R. Jacobson, individually and on behalf of all others similarly situated, | : | |
| | : | Honorable Arun Subramanian |
| *Plaintiff*, | : | |
| *vs.* | : | Case No. 24-cv-06538 (AS) |
| | : | Related Case No. 24-cv-03994 (AS) |
| Live Nation Entertainment, Inc. and Ticketmaster LLC, | : | |
| *Defendants*. | : | |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION FOR RECONSIDERATION OF THE COURT'S**
**ORDER COMPELLING ARBITRATION**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ii

I. ARGUMENT 1

A. Defendants misrepresent the controlling law that requires reconsideration. 1

B. The reconsideration sought by this motion does not merely affect "dicta" in the Order but goes to its central holdings. 2

C. This motion falls well within the legal standard for reconsideration. 5

II. CONCLUSION 5

# TABLE OF AUTHORITIES

## Cases

*Apple v. Ionpath, Inc.,* No. 25-CV-01472-SVK, 2025 WL 1676853 (N.D. Cal. June 13, 2025) ................ 2

*Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal.4th 83 (2000) ........................................................ 2

*Chin v. Advanced Fresh Concepts Franchise Corp.,* 194 Cal.App.4th 704 (4th Dist. 2011) ............................ 1

*Fraser v. OMV Med., Inc.,* No. 22CV713-L-MSB, 2023 WL 2293346 (S.D. Cal. Feb. 28, 2023) ............ 2

*Heckman v. Live Nation Ent., Inc.,* 686 F.Supp.3d 939, 955 (C.D.Cal. 2023) ............................................. 4

*Heckman v. Live Nation Ent., Inc.,* 120 F.4th 670 (9th Cir. 2024) ............................................................... 3, 4

*Lim v. TForce Logistics, LLC,* 8 F.4th 992 (9th Cir. 2021) ............................................................................ 1

*Lucas v. Gund, Inc.*, 450 F.Supp.2d 1125 (C.D. Cal. 2006) ........................................................................... 1

*MacClelland v. Cellco P'ship,* 609 F.Supp.3d 1024 (N.D.Cal. 2022) ............................................................ 4

*Pandolfi v. AviaGames, Inc.*, 2024 WL 4051754 (N.D.Cal. Sept. 4, 2024)) .................................................. 4

*Ramirez v. Charter Commc'ns,* 16 Cal.5th 478 (2024) ........................................................................................ 4

*Sheelit v. AmeriSave Mortg. Corp.,* 754 F.Supp.3d 995 (C.D. Cal. 2024) ...................................................... 2

*In re Term Commodities Cotton Futures Litig.,* No. 12-cv-5126, 2014 WL 5014235 (S.D.N.Y. Sept. 30, 2014) ........................................................................................................................................................ 5

Plaintiff James R. Jacobson ("Plaintiff") respectfully submits this reply in further support of his motion for reconsideration (ECF 113) of portions of the Opinion and Order (ECF 112, the "Order") granting Defendants' motion to compel arbitration.

## I. <u>ARGUMENT</u>

### A. Defendants misrepresent the controlling law that requires reconsideration.

Defendants argue that New York unconscionability law applies the same principle as California law—*i.e.,* unconscionability must be assessed at the time of contract formation—but still permits "consideration of post-formation circumstances, including [the] waiver" of unconscionable provisions by unilateral stipulation. Def.br. 8-9. The arbitration agreement here, however, is governed by California law. Order 3-4. Despite nominally applying the same principle, California law reaches very different conclusions, *prohibiting* consideration of unilateral waivers and other post-formation circumstances. *See* Recon. Mot., ECF 114 at 2-3 (citing cases).

Defendants cite two California cases to show that "courts applying California law commonly remark… on post-formation circumstances." Def.br. 9. It is quite telling that these are Defendants' best cases, as neither clearly held that a post-contract stipulation cured unconscionability. In *Lucas v. Gund, Inc.*, the court declined to enforce and severed a costs provision because it found the provision unconscionable; it merely mentioned in a footnote that defendants had stipulated to waive the provision. 450 F.Supp.2d 1125, 1132–33 fn.10 (C.D. Cal. 2006).

In *Chin v. Advanced Fresh Concepts Franchise Corp.,* it is unclear whether the court's discussion of a stipulated waiver of costs was dicta, or the basis for finding the cost provision wasn't unconscionable. 194 Cal.App.4th 704, 713–14 (4th Dist. 2011). But if the stipulation was the basis, *Chin* is an outlier and contrary to controlling authority. Both the California Supreme Court and the Ninth Circuit have held that California unconscionability law disregards such stipulations. *Lim v. TForce Logistics, LLC,* 8 F.4th 992, 1004–05 (9th Cir. 2021) ("waiving unconscionable elements of the

delegation clause does not change the analysis of whether the delegation clause, as drafted, is unconscionable") (citing *Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 125 (2000)). Other federal courts agree. *E.g., Sheelit v. AmeriSave Mortg. Corp.,* 754 F.Supp.3d 995, 1012 (C.D. Cal. 2024) ("Defendant cannot avoid the legal consequences of these blatantly illegal provisions by simply agreeing in litigation not to enforce them; what matters is whether the provisions… were unconscionable at the time the agreement was made"); *Fraser v. OMV Med., Inc.,* No. 22CV713-L-MSB, 2023 WL 2293346, at *4 (S.D. Cal. Feb. 28, 2023) ("Defendant's later willingness to alter the arbitration provision does not change the fact that the arbitration agreement as written is unconscionable"); *Apple v. Ionpath, Inc.,* No. 25-CV-01472-SVK, 2025 WL 1676853, at *4 (N.D. Cal. June 13, 2025) ("Although… Defendants' counsel acted with candor in acknowledging… that the fee-sharing provision was unenforceable, that does not remedy Defendants' decision to include the unenforceable provision in the arbitration clause in the first place"); ECF 114 at 2-3 (citing cases).

### B. The reconsideration sought by this motion does not merely affect "dicta" in the Order but goes to its central holdings.

Defendants argue that Plaintiff's motion "would leave the result [of the Order] unchanged" because the reconsideration sought "does not actually contest any of the three prongs of the Court's holding." Def.br. 2. The "three prongs" refer to the Court's holdings that an arbitration agreement existed; that the agreement delegated arbitrability to the arbitrator; and that the delegation clause is enforceable. *Id.* at 1 and 4-5. Contrary to Defendants, however, the third "prong"—enforceability of the delegation clause—is squarely contested by this motion.

Defendants' convoluted discussion (Def.br. 4-7) boils down to the argument that reconsidering the stipulations would be unavailing, because the Order held the alleged unconscionability avoided by the stipulations—*i.e.,* unconscionability in the mass arbitration and asymmetric appeal provisions—did not in any case affect the delegation clause. Defendants fail to quote (or even identify) the actual statement in the Order that is the lynchpin of their argument. The

Order stated two grounds for concluding the mass arbitration and appeal provisions did not impair the delegated arbitrability decision:

> Although at oral argument plaintiffs pointed also to the mass-arbitration protocol and the lopsided appeal provision, those challenges [to the delegation clause] weren't made with sufficient specificity either in the briefing or the argument. Even so, defendants have stipulated that neither provision would apply in arbitration and has consented to them being severed, per the contract's severability clause.

Order 12. Contrary to Defendants, both grounds are subject to reconsideration on this motion.

At first glance, the Order's unexplained one-line statement that Plaintiff's "challenges weren't made with sufficient specificity" is perplexing. Plaintiff repeatedly articulated how the mass arbitration and appeal provisions affected the delegation clause (as Plaintiff's opening reconsideration memo noted). *See* ECF 114 at 4 and 5 (citing Pltf. Opp., ECF 50 at 13-14 and Pltf. 2d Supp. Opp., ECF 109 at 1). To the extent the Court simply overlooked the briefed challenges, the Order should be reconsidered.[1] However it is not difficult to infer the Court's unstated reasons for concluding those briefed challenges lacked "sufficient specificity": the briefing did not address how the provisions would affect the *actual arbitration, involving at most only three plaintiffs*, that the Court envisioned would result from the Order. As the Order noted, "the mass arbitration protocol makes little difference" to the contemplated arbitral proceeding because "the protocol is triggered only when five or more cases are brought together" and "only… these three plaintiffs would be involved[.]" Order 17 fn.2.

While such a reason for disregarding Plaintiff's challenges may accord with *New York* unconscionability law (as discussed above), it clearly merits reconsideration in light of controlling *California* law. Courts applying California law—specifically to mass arbitration provisions—hold that the provision's effect on the delegation clause should be assessed as of contract formation "and not

[1] With respect to the asymmetric appeal provision, not only did Plaintiff state how it affected the delegation clause (ECF 109 at 1), but the Ninth Circuit also explained in some detail how the exact same appeal provision affected the exact same delegation clause that is now before this Court. *Heckman v. Live Nation Ent., Inc. ("Heckman II"),* 120 F.4th 670, 686-87 (9th Cir. 2024).

at the time of enforcement." *Pandolfi v. AviaGames, Inc.,* No. 23-CV-05971-EMC, 2024 WL 4051754, at *5 (N.D. Cal. Sept. 4, 2024) (examining bellwether procedure's effect on delegation clause); *accord, Heckman v. Live Nation Ent., Inc. ("Heckman I"),* 686 F.Supp.3d 939, 955 (C.D. Cal. 2023), *aff'd,* 120 F.4th 670 (9th Cir. 2024). And the effect should be construed in view of the originally foreseeable number of claimants, not the number in court. *MacClelland v. Cellco P'ship,* 609 F.Supp.3d 1024, 1040–41 (N.D. Cal. 2022) (declining to limit analysis "to the twenty-seven Plaintiffs in this case without regard to the other 2,685 customers" potentially affected by batched mass arbitration procedure); *accord, Heckman supra.*

As for the second ground given by the Order—*i.e.,* that Defendants stipulated "that neither provision would apply" (Order 12)—Defendants do not dispute that the present motion seeks reconsideration of their stipulations. Instead, Defendants misleadingly argue that the stipulations are merely a "backup" issue which the Court did not need to reach at all in view of its decision on the delegation clause. Def.br. 6-7. As demonstrated by the quoted passage above, however, the Order expressly treated the stipulations as an alternative ground for enforcing the delegation clause.

Finally, Defendants are incorrect that severance offers an alternative route to the same result sought by their stipulations. Def.br. 9-11. As Plaintiff explained, severance is unavailable here for two independent reasons: (1) because the agreement was permeated with unconscionability due to its improper purpose (to replace individual arbitration with constitutionally defective mass arbitration), *see Heckman I,* 686 F.Supp.3d at 968, and *Heckman II,* 120 F.4th at 688-89; and (2) because the provisions regarding mass arbitration cannot be cleanly severed without additional modifications or directions to the parties concerning their agreed procedure, which a court is not empowered to do to effectuate severance, *see Ramirez v. Charter Commc'ns,* 16 Cal.5th 478, 515 (2024). *See also* ECF 114 at 5 (citing *inter alia* ECF 50 at 18-19 and ECF 109 at 2).

**C. This motion falls well within the legal standard for reconsideration.**

Defendants argue reconsideration is barred because "Plaintiff raises the same arguments, citing many of the exact same cases, that he raised… in the briefing and at the hearing." Def.br.1; *see also id.* at 2-3. Far from being a bar, that is a *requirement* for reconsideration where (as here) the motion is not based on new, post-decision law or evidence, but on "controlling law or factual matters *put before the court in its decision on the underlying matter* that the movant believes the court overlooked[.]" *In re Term Commodities Cotton Futures Litig.,* No. 12 CIV. 5126, 2014 WL 5014235, at *1 (S.D.N.Y. Sept. 30, 2014) (emphasis added). Further, the possibility of stipulations was only raised at oral argument and addressed by Plaintiff in a single, three-page post-argument submission (ECF 109), which the Court may have overlooked. Plaintiff respectfully requests that the Order be reconsidered in view of the controlling California legal issues raised therein and further detailed in this motion.

## II. CONCLUSION

Defendants' Motion should be reconsidered and denied.

Dated: August 3, 2026

Respectfully submitted,

*/s/ Christopher McGrath*
Christopher Lovell
Christopher M. McGrath
Adam C. Mayes
Travis H. Carter
**LOVELL STEWART HALEBIAN JACOBSON LLP**
500 Fifth Avenue, Suite 2440
New York, New York 10110
Phone: (212) 608-1900
Email: clovell@lshllp.com
Email: cmcgrath@lshllp.com
Email: amayes@lshllp.com
Email: tcarter@lshllp.com
*Attorneys for Plaintiff*

Edward W. Cochran
20030 Marchmont Road
Shaker Heights, Ohio 44122
Phone: (216) 577-4545
Email: edward@edwcochran.com
*Attorney for Plaintiff*

Edward A. Proctor
Mills, Mills, Fiely & Lucas LLC
101 Central Plaza, South - Suite 1200
Canton, Ohio 44702
Phone: (330) 456-0506
Email: eproctor@mmfllaw.com
*Attorney for Plaintiff*

Thomas J. Connick
Schneider Bell
1111 Superior Avenue, Suite 2200
Cleveland, Ohio 44114
Phone: (216) 696-4200
Email: tconnick@mysblaw.com
*Attorney for Plaintiff*

George W. Cochran
Law Office of George W. Cochran
1981 Crossfield Circle
Kent, Ohio 44240
Phone: (330) 607-2187
Email: lawchrist@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE

This brief contains 1,537 words (excluding the exempted parts) and complies with the 1,750 word limit set by Local Civil Rule 6.3.

Dated: August 3, 2026

Respectfully submitted,

*/s/ Christopher McGrath*
Christopher Lovell
Christopher M. McGrath
Adam C. Mayes
Travis H. Carter
**LOVELL STEWART HALEBIAN JACOBSON LLP**
500 Fifth Avenue, Suite 2440
New York, New York 10110
Phone: (212) 608-1900
Email: clovell@lshllp.com
Email: cmcgrath@lshllp.com
Email: amayes@lshllp.com
Email: tcarter@lshllp.com
*Attorneys for Plaintiff*